IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON DEFENDANT'S** |
| vs. | ) | **MOTIONS** |
| | ) | |
| Robert John Zukowski, | ) | Criminal No. 3:07-cr-31-02 |
| a/k/a Jay, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are eight pretrial motions filed by Defendant. The United States has filed responses to each of these motions. The Court notes that Defendant has filed two other pretrial motions which are not yet ripe, and this order does not decide those motions.

### I. Motion to Dismiss Counts One and Three, or in the Alternative, for a Bill of Particulars

Defendant has filed a Motion to Dismiss Counts One and Three, or in the Alternative, for a Bill of Particulars (Doc. #112). The United States has filed a brief in opposition (Doc. #129).

Defendant argues the Superseding Indictment contains merely conclusory allegations and fails to particularize how he allegedly conspired to commit any crimes. Defendant contends the Superseding Indictment is legally insufficient, and therefore the charges against him must be dismissed. Alternatively, Defendant requests that the United States be ordered to file a bill of particulars containing highly detailed information, including the date and location of any alleged "agreement" with any co-conspirators; any alleged distribution of drugs by specific date, location, quantity, and person to whom the distribution was made; the date, manner, and means of each alleged drug transfer; the date and location of each alleged use of telecommunication facilities; and

1

the amount of currency, date, and location involved with each alleged deposit into any allegedly fictitious bank accounts.

An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. Id. "While detailed allegations might well have been required under common-law pleading rules, they surely are not contemplated by Rule 7(c)(1), [Fed. R. Crim. P.,] which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" United States v. Resendiz-Ponce, 127 S. Ct. 782, 789 (2007) (distinguishing Russell v. United States, 369 U.S. 749 (1962)).

In this case, the Court concludes the Superseding Indictment charging Defendant is legally sufficient as to both Counts One and Three. The Superseding Indictment contains all of the essential elements of the offenses charged, citations to the specific statutory provisions which Defendant allegedly violated, and basic alleged facts such as the quantity and type of drugs, the locations of distribution, and bank account information. The Court is convinced that Defendant has been fairly informed of the charges against him. Therefore, Defendant's Motion to Dismiss Counts One and Three is denied.

In the alternative, Defendant requests a bill of particulars containing more detailed information about the charges against him. The primary purpose of a bill of particulars is to inform

the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, thus preventing or minimizing the element of surprise at trial.  See United States v. Hernandez, 299 F.3d 984, 990-91 (8th Cir. 2002); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993).  A bill of particulars also enables the defendant to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. Hernandez, 299 F.3d at 990-91.  However, a bill of particulars is not to be used for discovery purposes to provide detailed disclosure of the government's evidence at trial.  See Wessels, 12 F.3d at 750; United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990).

Here, Defendant is charged with two counts in the Superseding Indictment.  Count One charges Defendant with conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, 18 U.S.C. § 2, and Pinkerton v. United States, 328 U.S. 640 (1946).  Count Three charges Defendant with a money laundering conspiracy to conceal and disguise the nature, location, ownership, and control of proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(h).  Both counts list a specific time period during which the alleged conspiracies occurred.  Count One particularly alleges that Defendant was part of a conspiracy, along with his three co-defendants, to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine in North Dakota, Minnesota, and Washington.  Count One further alleges that members of the conspiracy transferred methamphetamine from the state of Washington to Fargo, North Dakota, and Moorhead, Minnesota, for distribution.  Count Three particularly alleges that Defendant was part of a conspiracy which used fictitious business bank accounts to deposit drug proceeds and transfer currency from North Dakota to Washington, and lists two specific US Bank account numbers.

The Court finds the Superseding Indictment informs Defendant of the nature of the charges against him with sufficient particularity to enable him to prepare for trial.  Therefore, a bill of particulars is unnecessary.  Defendant's request for highly detailed disclosures about the evidence against him is an impermissible attempt to use a bill of particulars as a discovery tool.

Defendant's Motion to Dismiss Counts One and Three, or in the Alternative, for a Bill of Particulars is **DENIED**.

## II. Motion to Compel Handwriting Exemplars

Defendant has filed a Motion to Compel Handwriting Exemplars (Doc. #103).  Defendant requests that Jiyeon Kim be directed to provide handwriting exemplars in order to determine the source of writings on a calendar seized by law enforcement.  The United States does not object, provided Ms. Kim's defense counsel and an expert designated by the United States are present during the taking of the exemplars (Doc. #122).

Defendant's Motion to Compel Handwriting Exemplars from Jiyeon Kim is **GRANTED**.  The Court further **ORDERS** that Ms. Kim's defense counsel and an expert for the United States must be present while the exemplars are taken.

## III. Motion for Attorney Conducted Voir Dire

Defendant has filed a Motion for Attorney Conducted Voir Dire at trial (Doc. #108).  The United States does not object to the motion (Doc. #123).  It is this Court's standard procedure to allow counsel for both parties to question jurors during voir dire, so Defendant need not have filed a motion to that effect.

Defendant's Motion for Attorney Conducted Voir Dire is **GRANTED**.  The Court further **ORDERS** that questioning by counsel during voir dire will be limited to thirty minutes per side.

### IV. Motion to Disclose or Produce Confidential Informants

Defendant has filed a Motion to Disclose or Produce Confidential Informants (Doc. #104). Defendant requests the United States be ordered to disclose the names and addresses of certain informants referenced in the discovery. Defendant also states that he has only received four pages of a nine-page report regarding an interview on May 9, 2007, with Confidential Informant #0706. The United States responds that it disclosed the identities of the confidential informants in a faxed letter to Defendant's counsel dated October 12, 2007 (Doc. #124). The United States further responds that it provided all nine pages of the report regarding Confidential Informant #0706 in discovery, located at Bates stamp numbers 03635 through 03643. Defendant has not filed a reply disputing the United States' claim that it has provided the requested disclosures.

In light of the foregoing, Defendant's Motion to Disclose or Produce Confidential Informants is **DENIED AS MOOT**.

### V. Motion to Order Psychological Examination of Witness

Defendant has filed a Motion to Order the Psychological or Psychiatric Examination of a Party-Witness (Doc. #105). Defendant anticipates that co-defendant Jiyeon Kim will testify for the United States at trial, and requests that she be required to undergo a psychological examination. Defendant claims that Ms. Kim suffers from a personality disorder such that she is not fit to testify against him at trial. In support of this claim, Defendant points to Ms. Kim's history of abusing drugs and fabricating stories. Defendant further claims that a psychological evaluation of Ms. Kim is necessary for an effective cross-examination, in the event she does testify at trial. The United States opposes Defendant's motion (Doc. #125).

The decision to order a psychological or psychiatric examination of a witness is entrusted to the sound discretion of the district court, in light of the particular facts of each case. United States v. Skorniak, 59 F.3d 750, 755 (8th Cir. 1995). "Ordering a witness to undergo a psychological examination is a drastic measure." United States v. Riley, 657 F.2d 1377, 1387 (8th Cir. 1981). In Riley, defense counsel submitted an affidavit describing a witness as a "pathological liar" with a history of drug and alcohol abuse. Id. The Eighth Circuit held the defendant made an insufficient showing of the need for a psychiatric examination. Id.

In this case, the Court concludes a psychological or psychiatric examination of Jiyeon Kim is not warranted, either to determine her competency to testify or to provide Defendant with additional material for cross-examination. In his motion, Defendant makes fairly conclusory statements about Ms. Kim's history of abusing drugs and fabricating stories. Based on the information submitted by Defendant, the Court is not convinced that it should take the drastic measure of ordering Ms. Kim to undergo a psychological examination. The issues raised by Defendant more appropriately go to Ms. Kim's credibility, not her competency to testify, and Defendant will have the opportunity to cross-examine Ms. Kim at trial regardless of whether a psychological examination is ordered. See Skorniak, 59 F.3d at 755.

Defendant's Motion to Order the Psychological or Psychiatric Examination of Jiyeon Kim is **DENIED**.

### VI. Motion for Discovery Regarding Government Witnesses

Defendant has filed a Motion for Discovery Regarding Government Witnesses (Doc. #109). Defendant seeks an order compelling the United States to provide particular information about its witnesses, including any evidence of bias, prior criminal acts, ongoing investigations into

misconduct, medical or psychiatric reports or evaluations, or history of drug use or alcoholism. Defendant further requests access to each agent's personnel file to determine whether there is any impeaching information contained therein. The United States responds that it has provided Defendant with all materials to which he is entitled, and some additional materials in accordance with its open discovery policy (Doc. #121). The United States specifically objects to disclosing personnel files to Defendant.

The United States has provided Defendant with extensive discovery in this case, in accordance with the Stipulated Discovery Order dated May 16, 2007, which provides for open discovery. The United States asserts that it has provided Defendant with all discovery required by Fed. R. Crim. P. 16, statutes, and case law, and that it will continue to provide supplemental disclosures as required. The United States cannot disclose any additional materials requested by Defendant which it does not have. Therefore, to the extent the United States has complied with the Stipulated Discovery Order and other applicable laws governing discovery, Defendant's motion for additional discovery is moot.

As to the personnel files, the United States is not required to disclose entire personnel files simply because Defendant requests them. It is the prosecutor's duty to examine documents to determine whether they contain discoverable material under Brady or other applicable laws. See United States v. Van Brocklin, No. 96-2326, 1997 U.S. App. LEXIS 20745, at *13 (8th Cir. June 6, 1997). Defendant's mere speculation that a personnel file may contain exculpatory evidence or impeaching information is insufficient. Id. at *14. A district court does not abuse its discretion when it denies a motion to compel production of personnel files, absent a colorable showing that the file in fact contained Brady material or that the government acted in bad faith. Id.

Defendant is not entitled to discovery of each agent's personnel file to determine whether there is exculpatory or impeaching information. The United States has a continuing obligation to provide Defendant with discovery materials to which he is entitled under applicable rules, statutes, and case law, including any such information from a personnel file. The Court concludes Defendant's motion as to personnel files must be denied.

Defendant's Motion for Discovery Regarding Government Witnesses, with regard to production of personnel files, is **DENIED**. Defendant's request for other disclosures in that same Motion for Discovery is **DENIED AS MOOT**.

### VII. Motion for Discovery of Expert Qualifications, Opinions, and Bases for Expert Opinions

Defendant has filed a Motion for Discovery of Expert Qualifications, Opinions, and Bases for Expert Opinions (Doc. #110). The United States objects to a portion of Defendant's motion (Doc. #126).

Defendant requests that the United States be ordered to provide him with a written summary of any expert testimony which the United States intends to introduce in its case-in-chief at trial under Fed. R. Crim. P. 16(a)(1)(G). Defendant argues that as part of that summary, the United States should be required to provide the names and numbers of any cases in which the expert witness gave prior testimony, and the training materials or particular cases upon which the expert witness will be basing his or her opinion. The United States objects to that portion of Defendant's motion which requests case names and numbers, and training materials or particular cases.

Rule 16(a)(1)(G), Fed. R. Crim. P., provides that the United States must make certain disclosures regarding expert witnesses:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The Advisory Committee Notes to Rule 16(a)(1)(G) further explain that the summary of bases relied upon by the expert "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts."

Here, Defendant has made the appropriate request for a summary of expert witness testimony. Therefore, if the United States intends to introduce expert testimony in its case-in-chief, Rule 16 clearly requires the United States to provide a summary of the witness's opinion, the bases for that opinion, and the witness's qualifications. The Court grants Defendant's motion to the extent that notice of expert testimony is required under Rule 16. However, the Court is not convinced that Rule 16 requires the highly detailed disclosures which Defendant has specifically requested, and Defendant has not cited any other authority in support of his request. The Court declines to order that the United States produce a list of the cases, including names and numbers, in which any expert witness gave prior testimony. The Court also declines to order that the United States produce a list of the particular individual cases on which an expert's opinion may be based.

The Court recognizes that expert testimony has become routine in drug cases. See United States v. Anderson, 446 F.3d 870, 875 (8th Cir. 2006). Nevertheless, "[t]he government should disclose the substance of any expert testimony upon request, even if such testimony may be considered 'routine' testimony of a case agent concerning standard criminal operations." Id. Although it is clear the United States must comply with the notice requirement of Rule 16, it is

9

difficult to anticipate exactly what would constitute sufficient notice. It is conceivable that training materials may form the basis of an expert opinion. At this time, the Court will simply order that the United States provide Defendant with notice of expert witnesses as required by Rule 16. The Court further notes that the United States may request reciprocal discovery of expert witness testimony from Defendant under Rule 16(b)(1)(C). Assuming the United States makes such a request, both parties must give notice of all expert witnesses by Thursday, November 8, 2007.

Defendant's Motion for Discovery of Expert Qualifications, Opinions, and Bases for Expert Opinions is **GRANTED IN PART**. Defendant's specific request for a list of particular individual cases, including names and numbers, in which any expert witness gave prior testimony or on which an expert's opinion may be based is **DENIED**.

## VIII.  Motion in Limine

Defendant has filed a Motion in Limine to preclude the admission of certain evidence at trial (Doc. #111). Defendant argues that nine different pieces of evidence are irrelevant and therefore should be excluded. The United States has filed a response stating that it does not intend to introduce some of that evidence at trial (Doc. #120). The United States further requests a deferred ruling on the relevancy of the other evidence until trial, when its probative value will be clearer. The Court agrees that it would be prudent to rule on any issues of relevancy on the day of trial. Therefore, the Court will deny Defendant's Motion in Limine at this time, and Defendant may renew his objections to this evidence at trial.

Defendant's Motion in Limine is **DENIED**.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2007.

                                                     <u>/s/   Ralph R. Erickson</u>
                                          Ralph R. Erickson, District Judge
                                          United States District Court