IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON MOTIONS** |
| vs. | ) | |
| | ) | Criminal No. 3:07-cr-31-02 |
| Robert John Zukowski, | ) | |
| a/k/a Jay, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are three pretrial motions, two filed by Defendant and one filed by the United States.

## I.  Motion to Compel Handwriting Exemplars

The United States has filed a Motion to Compel Handwriting Exemplars from Defendant (Doc. #127).  Defendant has no objection to the motion.  Therefore, in accordance with the oral order of the Court at the telephonic conference on November 5, 2007, the United States' Motion to Compel Handwriting Exemplars from Defendant is **GRANTED**.

## II.  Motion for Discovery and Disclosure of Presentence Investigation Reports of Government Witnesses

Defendant has filed a Motion for Discovery and Disclosure of Portions of Presentence Investigation Reports of Government Witnesses (Doc. #118).  Defendant requests that the Court review in camera the presentence investigation reports which have been prepared for any of the Government's witnesses.  Defendant specifically requests that the Court disclose the sections of the presentence reports containing prior criminal history, the facts and circumstances surrounding the offense, the individual defendant's statement regarding involvement in the offense, and any

1

statement regarding the applicability of the safety valve provision.  Defendant generally states that these sections of the presentence report "contain impeachment evidence which may be used by [him] against the individual witness."  The United States has filed a brief in opposition (Doc. #136).

Presentence investigation reports function primarily to assist the court in determining an appropriate sentence, and therefore are generally viewed as confidential.  United States v. Molina, 356 F.3d 269, 274 (2d Cir. 2004).  In U.S. Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988) (emphasis omitted) (citations omitted), the United States Supreme Court discussed disclosure of presentence investigation reports to third parties:

> [I]n both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals.  As the Government points out, one reason for this is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report.  A second reason is the need to protect the confidentiality of the information contained in the report.  Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report.

The Eighth Circuit has held that a district court acted within its discretion when it reviewed a co-defendant's presentence investigation report in camera to determine whether any portions were discoverable to the defendant.  See United States v. De Vore, 839 F.2d 1330, 1332-33 (8th Cir. 1988).  However, the Court has not found any Eighth Circuit case law requiring district courts to automatically conduct a review in camera when a third party requests discovery of a presentence investigation report.

Other circuit courts have recognized limitations on the district court's obligation to conduct an in camera review of presentence reports for disclosure to third parties.  The Second Circuit has held that district courts are not required to review a presentence report in camera "without a

threshold showing of a good faith belief that a co-defendant's PSR contains exculpatory evidence not available elsewhere." Molina, 356 F.3d at 275. Key to this showing is whether the information in the presentence report is obtainable from other sources. Id. The Fourth Circuit has held that "as a prerequisite to an in camera review, an accused must plainly articulate how the information contained in the PSR will be both material and favorable to his defense." United States v. Trevino, 89 F.3d 187, 192-93 (4th Cir. 1996). In evaluating the requested information, the district court may consider whether the material is available from other sources, and whether the witness will be effectively impeached otherwise. Id.

Here, Defendant has broadly requested discovery of the presentence investigation reports of "any government witnesses," without even listing the names of any witnesses. He also generally states that the presentence reports will contain "impeachment evidence" that he may use against each individual witness. It appears to the Court that Defendant has not considered exactly what particular information he may expect to find in the reports. Furthermore, Defendant has specifically requested the sections regarding criminal history and the facts and circumstances surrounding the offense, both of which should be obtainable from other sources. Although an individual defendant's statement regarding the offense may not be available elsewhere, Defendant has not articulated to the Court what type of exculpatory or impeaching information he might expect to find in any such statement. It is also not readily apparent to the Court why information about the applicability of the safety valve would be either exculpatory or impeaching evidence.

Defendant has made conclusory statements about the impeachment value of the presentence investigation reports, without any reference to particular witnesses or particular information. In these circumstances, the Court concludes Defendant has not made a showing sufficient to trigger

3

in camera review of the presentence investigation reports of the Government's witnesses. Defendant's Motion for Discovery and Disclosure of Portions of Presentence Investigation Reports of Government Witnesses is **DENIED**.

### III.  Motion for Leave to File Additional Motions

Defendant has filed a Motion for Leave to File Additional Motions (Doc. #119). Specifically, Defendant requests that he be allowed to file pretrial motions, if necessary, arising from previously filed discovery motions.  The United States has not filed a response.

The Court will not issue an open-ended order permitting additional motions on discovery. However, the Court will consider whether any additional discovery motions should be permitted on an ad hoc basis.  In the event Defendant believes such an additional motion is necessary to effectuate a discovery order of the Court, he should seek permission to file the motion at that time. Defendant's Motion for Leave to File Additional Motions is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of November, 2007.


    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

4